**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**HARLEY T. LOGSDON, JR.,**

    Plaintiff,

    v.                                                                                        **CASE NO. 3:05-cv-243-J-16HTS**

**DURON, INC., d/b/a DURON**
**PAINTS & WALLCOVERINGS,**

    Defendant.
_____/

## O R D E R

Before the Court is the Plaintiff's Motion to Remand the Case Pursuant to 28 U.S.C. §1447©) (Dkt. 7), to which the Defendant filed a Memorandum in Opposition (Dkt. 12).

**I.**     **Background**

The Plaintiff filed his Complaint (Dkt. 2) for unlawful age discrimination under Florida law against the Defendant in the Duval County Circuit Court, alleging that he was the victim of age discrimination when the Defendant failed to hire him for a sales management position. The state court Complaint alleges damages "that exceed $15,000," but does not otherwise specify an amount of damages suffered by the Plaintiff. However, the Plaintiff seeks economic damages, backpay and frontpay, compensatory and emotional distress damages, prejudgment interest, and attorney's fees and costs as a result of the alleged discrimination.

This is the second time this case has been removed to this Court. On September 23, 2004, the Defendant filed its first Notice of Removal in case number 3:04-cv-947-J-16TEM, based on diversity of citizenship pursuant to 28 U.S.C. §1332. This Notice of Removal was based on the same grounds as this identical case, with the Defendant arguing that the required amount in controversy existed for purposes of jurisdiction in this Court, because the Plaintiff's claimed  back pay, front pay,

compensatory and emotional damages, and fees and costs in relation to his alleged failure to be hired for the management position will easily exceed $75,000. The Plaintiff of course disagreed, arguing that the Defendant has failed to meet its burden upon removal because, when taking into account the Plaintiff's mitigation and interim earnings, it cannot be established that the jurisdictional amount will exceed $75,000, given that he has only alleged backpay and frontpay as alternative remedies. The Plaintiff also argued that he is only seeking a minimal amount of emotional damages, and that the minimal amount of attorney's fees incurred at the time of removal should not be taken into account for determining the amount in controversy.

The Court agreed with the Plaintiff and remanded this case back to state court by Order of November 10, 2004. See Logsdon v. Duron, Inc., 3:04-cv-947-J-16TEM (M.D. Fla. 2004). The Court reasoned that it was not facially apparent from the Complaint that the amount in controversy exceeds $75,000, and therefore the Defendant did not meet its burden to prove the threshold amount at that early stage of the case. The Court highlighted the Plaintiff's reasoning that his ability to recover either back or front pay will be limited by the fact that he has mitigated his damages and made earnings in the interim through his position at Lowe's Home Center. The Plaintiff contended that he acquired this position on July 14, 2003, and as such the salary and benefits he earned from this position will limit the amount of back or front pay he can recover as a result of the Defendant's failure to hire him for its position. The Plaintiff pointed out that his position at Lowe's earned him a base salary of $27,500 per year, while the Defendant claimed that a Duron's store manager position would have carried a base salary between $30,000 and $37,180 per year, resulting in a fairly substantial mitigation of damages.

Moreover, the Court found that the Defendant did not establish that the amount of emotional distress damages that could be recovered in this case would likely be substantial, nor have punitive damages been claimed in this case. Lastly, the Court agreed with the Defendant that the Eleventh

Circuit in Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000), held that if a statutory cause of action entitles the Plaintiff to attorney's fees, the amount in controversy includes consideration of the potential fees. See also Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933). However, at the time of removal, the Plaintiff's claimed fees only totaled $636.00, and the Court found that the Defendant had not established by a preponderance of the evidence that the total fees would likely propel the amount of damages over $75,000. The Court therefore remanded the case back to state court because the Defendant could not show by a preponderance of the evidence that the total damage award would likely exceed the minimum threshold amount. Compare George v. Marriott Senior Living Svcs., Inc., 2001 U.S. Dist. LEXIS 22822 (S.D. Fla. 2001) (motion to remand denied where removal occurred more than a year after complaint was filed, after defendant discovered through plaintiff's answers to interrogatories that amount in controversy clearly exceeded $75,000).

On March 21, 2005, apparently following several months of discovery, the Defendant again filed a Notice of Removal (Dkt. 1) to this Court, based on the same diversity grounds. The only question currently before this Court is therefore whether, since the first remand back to state court, the Defendant has obtained evidence to demonstrate, by a preponderance of the evidence, that the amount in controversy will more likely than not exceed $75,000. The Defendant essentially argues that, as in George, it has discovered additional evidence through discovery that clearly demonstrates that the amount in controversy will exceed the minimum threshold. For the reasons discussed below, the Court agrees and will now deny the Plaintiff's Motion to Remand this case back to state court.

**II.    Remand**

The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal courts may hear. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). On a motion to remand, the removing party bears the burden of establishing federal

jurisdiction.  See 28 U.S.C. §1441; Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Moreover, all doubts are construed against removal to federal courts in the first instance, as statutes allowing for removal are to be construed narrowly by the courts.  See Diaz, 85 F.3d at 1505, accord Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

The Eleventh Circuit explained in Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994), that the plaintiff is the "master of his own claim," such that when the parties clash over jurisdiction, any uncertainties are to be resolved in favor of remand.  However, although the Plaintiff is the master of his own claim, a federal court must nonetheless be cautious about remand, "lest it erroneously deprive defendant of the right to a federal forum."  14A Charles Wright, Arthur Miller & Edward H. Cooper, Federal Practice and Procedure §3721 (1985).

The Eleventh Circuit also explained in Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001), that where a plaintiff has not pled a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.  As in this case, when a complaint does not claim a specific amount of damages, removal to federal court is proper "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  Id.  However, if the amount in controversy is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  Id.  Because a specific amount of damages is not claimed by the plaintiff, a defendant removing the case must therefore only show that the amount in controversy will "more likely than not" be satisfied.  See also Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281, n.5 (11th Cir. 2001); Tapscott v. MS Dealer Svcs. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996).

**III.     Discussion**

In its Notice of Removal, the Defendant claims that "[m]uch has changed since the Court's November 10, 2004 Order." According to the Defendant, the Plaintiff's deposition and other documentary evidence reveal that the amount in controversy in this case will more likely than not exceed $75,000, and therefore this diversity case belongs in federal court. The Defendant points out that the Plaintiff testified under oath that he was seeking a six to eight-year management position with Duron, and that a major part of the relief sought in this case is for the Plaintiff to obtain such a position at the Defendant's Orange Park, Florida store. The Plaintiff testified that he believes he would make $35,000 per year in salary at this position, and therefore the Defendant argues that this relief alone clearly establishes the threshold damage amount in this case.

The Defendant further points out that the Plaintiff is seeking back pay from December 2, 2002, through July 14, 2003, when he obtained his position at Lowe's Home Centers. The Plaintiff's $27,500 yearly salary at Lowe's admittedly mitigates his damages, but the Plaintiff testified that he has been unemployed since February 23, 2004, and as such he was only employed for a short time. As such, the Plaintiff is seeking damages from the Defendant from February 23, 2004 (the date on which he resigned from Lowe's) through trial in this case. According to the Defendant, these "back pay" damages, combined with fringe benefits and the Plaintiff's alleged $10,000 in compensatory, non-economic damages, certainly make it more likely than not that damages will exceed $75,000 in this case. See Logsdon Deposition, pp. 172-185.

The Defendant also points to attorney's fees incurred up to this point, and through trial, as adding further evidence that the amount in controversy is actually much more than $75,000 in this case. The Defendant argues that the Plaintiff's unwillingness to testify under oath that he is in fact *not* seeking $75,000 or more in damages means that he cannot "have it both ways;" he cannot seek to

pursue this case in state court while simultaneously denying the Defendant's right of removal to federal court by "hiding the ball" as to the true amount of damages.

The Plaintiff disputes this evidence as being sufficient to meet the Defendant's removal burden. According to the Plaintiff, "there have been little to no relevant changes with regard to the facts in evidence as it relates to diversity of citizenship," in that the Defendant still has not shown that the amount of damages in this case will exceed $75,000. Again taking into account the Plaintiff's position at Lowe's, he claims that this mitigation is substantial, and makes it unlikely that the Plaintiff could recover the amount of backpay the Defendant is alleging he could recover, even when taking into account the Plaintiff's unknown salary and benefits he would have earned at Duron.

The Plaintiff further argues that the Court should not consider any "front pay" he would have received in deciding the amount in controversy at the time of removal. Lastly, he reasserts the argument, previously rejected by the Court, that attorney's fees should also not be considered as part of the $75,000 threshold amount. In any event, he states that such fees at the time of removal are still not substantial enough to push the amount in controversy over the threshold.

Upon review of the evidence submitted by the Defendant, the Court finds that it has now shown that the amount in controversy in this case will more likely than not exceed the $75,000 minimum for federal diversity jurisdiction. Initially, the Court notes that the Defendant has effectively pointed out that the Plaintiff has consistently refused to clearly state that his damages will not exceed $75,000, wishing instead to "have it both ways" by pursuing this diversity case in state court without limiting himself to damages below the threshold amount that triggers the Defendant's right to remove the case to this Court. This evasiveness and refusal to limit the damages in this case is evident in both the Plaintiff's deposition testimony and the written discovery propounded by the Defendant. See, e.g., Plaintiff's Response to Defendant's First Request for Admissions; Deposition of Logsdon, pp. 172-186;

6

Plaintiff's answer to Defendant's interrogatory number 15. As such, this unwillingness to be clear as to the amount of damages he is seeking justifies the Court's denial of the Plaintiff's Motion to Remand at this stage of the case. See also Nowlin v. National Linen Svcs., 1997 U.S. Dist. LEXIS 19995 (N.D. Fla. 1997); Mingus v. BellSouth Mobility, 1999 U.S. Dist. LEXIS 17082 (S.D. Ala. 1999); Meier v. Coresource, Inc., 1999 U.S. App. LEXIS 3086 (6th Cir. 1999).

In any event, the Court finds that the Defendant has now presented convincing evidence that the damages in this case will likely exceed $75,000. First, the Defendant points out that the Plaintiff is seeking "back pay" during his periods of unemployment from December 2, 2002 to July 14, 2003 (when he obtained employment at Lowe's), from July 14, 2003 to February 23, 2004 (the period in which he was employed by Lowe's at a lower salary than he would have made at Duron), as well as from February 23, 2004 (the date on which he resigned from Lowe's) to the time of trial in this case. Logsdon Deposition, pp. 175-180; Plaintiff's answer to Defendant's interrogatory number 15. The Defendant correctly notes that the Plaintiff has not clearly limited this time frame, nor has he renounced his intention to seek this full amount of "back pay" damages.

Even assuming that the Plaintiff would have earned a salary at the lower end of the pay range for Duron store managers ($30,000 yearly), the amount of "back pay" that would accumulate during these time periods would likely push the total amount of damages very close to the threshold amount for diversity jurisdiction. According to the Defendant, taking into account the time the Plaintiff worked at Lowe's, the total amount of "back pay" during this three-year time period would be almost $72,000, assuming the Plaintiff would have only earned $30,000 at Duron. Certainly, once the Plaintiff's admitted $10,000 in compensatory, non-economic damages is factored in, it is more likely than not that the amount in controversy will exceed $75,000 in this case.

In addition, when the Court considers the Plaintiff's claimed "front pay" damages, the value of fringe benefits at Duron claimed as damages, as well as claimed attorney's fees, it is more likely than not that diversity jurisdiction is established in this case. See, e.g., Viacom v. Zebe, 882 F. Supp. 1063, 1064-65 (S.D. Fla. 1995). The Defendant points out that the Plaintiff is apparently seeking a position as a Duron store manager, and that he would intend to remain employed for six to eight years. Moreover, the Plaintiff has indicated that he would seek fringe benefits such as health insurance, life insurance, any profit sharing plan, pension plan and bonuses as damages, and the Defendant has indicated that the Plaintiff would be entitled to these benefits if he were hired as a store manager. See Affidavit of Mary Merrill, ¶¶4-8. Lastly, the Court previously indicated that attorney's fees would be taken into account as part of the amount in controversy in this case. At this point, the amount of fees already incurred by the parties in discovery, and that would be incurred in bringing this case to trial, are likely to further push to total amount in controversy over the $75,000 threshold.

Upon due consideration, the Court therefore concludes that diversity jurisdiction is proper in federal court. Accordingly, the Plaintiff's Motion to Remand (Dkt. 7) is **DENIED.** The Defendant's Motion for Extension of Time (Dkt. 9) to respond to the Motion to Remand is **GRANTED nunc pro tunc.**

**DONE AND ENTERED** in Chambers at Jacksonville, Florida, this 17th day of May, 2005.

_____
JOHN H. MOORE II
United States District Judge

**Copies to:**     Counsel of Record
                   Law Clerk