UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARLEY T. LOGSDON, JR.,

    Plaintiff,

v.                                  CASE NO. 3:05-cv-243-J-16HTS

DURON, INC., d/b/a DURON
PAINTS & WALLCOVERINGS,

    Defendant.

### O R D E R

This cause is before the Court on the Motion for Reconsideration Regarding Defendant's Motion to Compel (Doc. #8; Motion), filed on April 19, 2005. Defendant's Response to Plaintiff's Motion for Reconsideration on Defendant's Motion to Compel (Doc. #11) was filed on May 3, 2005. Through a Clerk's Office error, the Motion was not referred to the undersigned until August 29, 2005.

On April 15, 2005, the Court granted Defendant's Motion to Compel (Doc. #4; Motion to Compel) to the extent Plaintiff was ordered to respond fully to the discovery at issue. Order (Doc.

#6; Order) at 1-2. Plaintiff now seeks reconsideration of the Order.

Reconsideration should be granted by the Court if Plaintiff has shown "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice." *Wendy's Intern., Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996). Here, none of those circumstances appear to be present and reconsideration of the Order is therefore not necessary.

The Court did not clearly err in treating the Motion to Compel as unopposed. No response thereto had been filed in accordance with Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)); *see also* Local Rule 4.02(c). Presumably in an attempt to demonstrate manifest injustice, Plaintiff argues the case is not properly in the federal system, as "Defendant's second notice of removal is clearly inappropriate." Motion at 2. Nevertheless, it is observed the Court has determined otherwise. *See* Order (Doc. #13) at 8. Finally, neither new evidence nor an intervening change in the law is contended to necessitate reconsideration.[1] No persuasive basis

---

[1] As "another reason why no written response to the motion to compel was filed[,]" Plaintiff offers his "opinion that discovery is not even an issue at this time" since "a Case Management Report has not yet been prepared[.]" Motion at 2. However, this position is in tension with his claim the "merits" of the motion would properly be visited "once the [then] pending motion to remand [was] ruled upon by the District Judge[.]" *Id.* at 4. Moreover, since the case had already progressed to an extent in state court and the discovery had been

for reconsideration having been demonstrated, the Motion (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of September, 2005.

/s/            Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any

---

propounded prior to removal, Local Rule 3.05(c)(2)(B)'s reference to seeking discovery only after the case management meeting "[u]nless otherwise ordered by the Court" was at least arguably inapplicable. In any event, the Court possessed the authority to compel discovery and an individual in Plaintiff's position would not be prudent to ignore a motion to compel on the assumption the Court would raise objections and arguments on his behalf in order to rule against the motion's proponent.